O

# United States District Court
# Central District of California

| | |
|---|---|
| LIDIA GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case № 2:18-CV-09117-ODW (ASx) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [37]** |

## I. INTRODUCTION

Presently before the Court is Plaintiffs Lidia Gonzalez, Richard Arciga, and Yesenia Martinez's ("Plaintiffs") Motion for Reconsideration of the Court's Order granting Defendants Patrick Frey ("Frey"), a Deputy District Attorney, and the County of Los Angeles's (the "County") (collectively "County Defendants") motion to dismiss ("Motion"). (Mot. for Recons. ("Mot."), ECF No. 37.) For the reasons that follow, Plaintiffs' Motion is **DENIED**.[1]

## II. BACKGROUND

The Court addressed the relevant factual allegations and procedural history in its Order granting County Defendants' motion to dismiss and incorporates that discussion

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

here by reference. (*See* Order Granting County Defs.' Mot. to Dismiss ("Order"), ECF No. 31.) The following brief summary is provided for context.

This matter arises from an arrest allegedly without probable cause and the subsequent alleged malicious prosecution of Plaintiffs. (*See* First Am. Compl. ("FAC"), ECF No. 10.) Plaintiff allege that, on September 15, 2017, they attended a relative's criminal hearing held at the Long Beach Courthouse. (FAC ¶ 29.) During a courtroom break, Plaintiffs stepped outside and observed a relative of the murdered victim taking photographs and videos of Plaintiffs. (FAC ¶ 30.) Plaintiffs allege that a bailiff approached them and asked if they were the ones taking photographs and video of witnesses. (FAC ¶ 31.) Ultimately, Long Beach Police officers arrested Plaintiffs under suspicion of intimidating witnesses. (FAC ¶¶ 34–39.) Plaintiffs allege the County then maliciously prosecuted them. (FAC ¶¶ 56–62.)

Plaintiffs filed this action asserting numerous claims, including false arrest/false imprisonment, excessive force/battery, malicious prosecution, interference with parent-child relationship, *Monell* and supervisory liability, negligence, negligent infliction of emotional distress, and violation of California Civil Code section 52.1. (*See* FAC.) On November 15, 2019, the Court granted-in-part and denied-in-part County Defendants' motion to dismiss. (Order 12.) Particularly, the Court dismissed Plaintiffs' state law claims with prejudice because Plaintiffs failed to set forth facts establishing that it had complied with the California Tort Claims Act ("Torts Act") and failed to oppose such argument proffered by County Defendants in their motion. (Order 11–12.) The Court granted Plaintiffs leave to amend as to their third, fourth, and fifth claims. (Order 12.) Plaintiffs did not amend their FAC.

Almost three months after the Court issued the Order, Plaintiffs move for reconsideration as to dismissal of their state law claims against County Defendants. (*See* Mot.) Plaintiffs' Counsel asserts that he mistakenly believed that he included allegations that Plaintiffs' state law claims were exhausted in compliance with the Torts Act. (Mot. 2.) Therefore, Plaintiffs' Counsel requests that this Court reconsider its

order pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). The Court now considers Plaintiffs' Motion.

### III. LEGAL STANDARD

Under Rule 60(b), the Court may grant relief to a party from a final judgment, order, or proceeding only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; or (6) another reason that justifies relief. Fed. R. Civ. P 60(b). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice . . . ." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted). Under Rule 60(b)(6), the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.* (alterations omitted). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court . . . ." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th. Cir. 2004).

Local Rule 7-18 places additional limitations on motions for reconsideration. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18. Grounds for a motion for reconsideration are limited to:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). "Whether to grant a motion for

reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

Displeasure with the outcome alone is insufficient; unless the moving party shows that one of the factors exists, reconsideration is not appropriate. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) ("A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

### IV.   DISCUSSION

Plaintiffs move for reconsideration on the grounds that its Counsel committed "mistake . . . or excusable neglect" justifying relief under Rule 60(b)(1). (Mot. 5–6.) County Defendants oppose the Motion arguing that Plaintiffs have not established excusable neglect as necessary to justify relief. (Mot. 4.)

Plaintiffs' Counsel asserts that the following conduct constitutes mistake or excusable neglect. First, he did not realize that the first amended complaint ("FAC") did not set forth allegations establishing compliance with the Torts Act. (Mot. 5.) Second, the opposition to the motion to dismiss made no mention of exhaustion because Counsel failed to communicate to his associate, who drafted the opposition, that Plaintiffs had exhausted their state law claims. (Mot. 5.) Lastly, Counsel "overlooked" the fact that all of Plaintiffs' state law claims were dismissed with prejudice until after County Defendants explained to Counsel why they would not respond to Plaintiffs' discovery demands. (Mot. 5) Lastly, Plaintiffs' Counsel asserts that Plaintiffs have in fact complied with the Torts Act's exhaustion requirements. (Mot. 5.)

The Ninth Circuit holds that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1). *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986)). Moreover, an attorney's "technical error" in pleading is not excusable neglect. *Id.*

Here, Plaintiffs have failed to establish that they are entitled to relief because of mistake or excusable neglect. Foremost, Plaintiffs' Counsel clearly committed "technical error" by failing to set forth allegations in the FAC to establish compliance with the Torts Act, and by failing to oppose on this basis or request leave to amend so they may address this deficiency. (*See* Mot. 5.) As established in *Engelson*, these technical errors are not considered excusable neglect. *See* 972 F.2d at 1043. Second, failing to clearly communicate to an associate that Plaintiffs exhausted their state-law claims and "overlooking" the Court's dismissal with prejudice of Plaintiffs' state-law claims are clear depictions of carelessness and ignorance. *See id.* Failing to read the Court's Order and recognize that certain claims were dismissed with prejudice is not excusable neglect, it is clear carelessness.

Accordingly, Plaintiffs' have failed to satisfy the requirements of Rule 60, and thus, are not entitled to relief.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for Reconsideration. (ECF No. 37.)

**IT IS SO ORDERED.**

May 29, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**